**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENOVEVA HERNANDEZ,<br><br>            Plaintiff,<br><br>v.<br><br>M&T BANK,<br><br>            Defendant. | Civ. No. 15-cv-470 (KM)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

**Introduction**

Plaintiff Genoveva Hernandez commenced this action in state court (it was removed) against M&T Bank as lender. The Bank has moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss the complaint for failure to state a cause of action (ECF No. 5). The motion is unopposed. Because I write for the parties only, I assume familiarity with the record.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

**Analysis**

Counts 1 and 2 of the Complaint allege that the Bank violated RESPA, 12 U.S.C. § 2601 *et seq.*, and regulations thereunder, in connection with handling Hernandez's loan. Count 1 alleges that the Bank failed to respond to a Qualified Written Request (QWR). *See* 12 U.S.C. § 2605(e). Count 2 alleges that the Bank did not timely respond to her loan modification application and voicemails and thereby mitigate loss. *See also* 12 C.F.R. § 1024.41(b).

The Bank states, and I agree, that this was a commercial loan, not a personal loan. Section 4.10 of the Mortgage states:

> BUSINESS PURPOSES. The loan evidenced by the Note secured by the Security Instrument and the Other Security Documents (the "Loan") is solely for the business purpose of Borrower, and is not for personal, family, household or agricultural purposes.

(ECF No. 5-3) Although the Mortgage is not literally attached to the Complaint, it is referred to therein and the Loan forms the very foundation of the allegations. It is therefore properly before the Court on this motion to dismiss.

2

*See Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

RESPA does not apply to commercial loans. *See* 12 U.S.C. § 2606(a)(1) ("This chapter does not apply to credit transactions involving extensions of credit primarily for business, commercial or agricultural purposes"). *See also* 24 C.F.R. § 3500.5(b)(2) (RESPA exemption for "business purpose loans"). Such a business loan includes, for example, non-owner-occupied rental property:

> The TILA exempts credit extended for business or commercial purposes. 15 U.S.C. § 1603(1); Regulation Z, 12 C.F.R. § 226.3(a). The RESPA includes the same exemption for business credit transactions. 12 U.S.C. § 2606(a)(1); 24 C.F.R. § 3500.5(b)(2). The Board of Governors of the Federal Reserve System has directly addressed credit transactions to acquire rental property in its Official Staff Commentary on TILA Regulation Z:
>
>> Non-owner-occupied rental property. Credit extended to acquire, improve, or maintain rental property (regardless of the number of housing units) that is not owner-occupied is deemed to be for business purposes. This includes, for example, the acquisition of a warehouse that will be leased or a single-family house that will be rented to another person to live in.
>
> Truth in Lending; Official Staff Commentary, 46 Fed.Reg. 50288, 50297 (Oct. 9, 1981) (as amended 75 Fed.Reg. 7658 (Fed.22, 2010)). Such commentary is "dispositive" unless "demonstrably irrational ." *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565, 100 S. Ct. 790, 63 L.Ed.2d 22 (1980) (deferring to Federal Reserve Board opinions interpreting TILA and Regulation Z). Consequently, courts have consistently held that loans obtained to purchase non-owneroccupied rental property are for a "business purpose" and are not covered by TILA. *Antanuos v. First Nat'l Bank of Arizona,* 508 F. Supp. 2d 466, 470–71 (E.D.Va.2007) (no right to rescind under TILA where loan was secured for commercial rental property and not the mortgagors' principal dwelling); *In re Fricker,* 113 B.R. 856, 866–67 (E.D.Pa. 1990) (loan received by debtors in exchange

> for mortgage on nonowner-occupied property was for "business purposes," and thus was exempt from TILA); *Puckett v. Georgia Homes, Inc.*, 369 F. Supp. 614, 618–19 (D.S.C.1974) (purchase of mobile home for rental purposes exempt from TILA disclosure requirements).
>
> There is virtually no case law interpreting the RESPA business purpose exemption, but the RESPA regulation incorporates the TILA interpretation, stating in its listed exemptions: "Business purpose loans. An extension of credit primarily for a business, commercial, or agricultural purpose, as defined by Regulation Z, 12 CFR 226.3(a) (1). Persons may rely on Regulation Z in determining whether the exemption applies." 24 C.F.R. § 3500.5(2). Thus, credit transactions to obtain non-owner-occupied rental property are similarly exempt from the requirements of RESPA. See 46 Fed.Reg. at 50297.

*Lind v. New Hope Properties, LLC*, 2010 WL 1493003, at *5 (D.N.J. Apr. 13, 2010). The complaint does not state in so many words that the mortgaged premises are non-owner-occupied rental property, but it is clear from the Mortgage itself that the loan is a commercial, not a personal, one.

This commercial loan is not subject to RESPA. The motion to dismiss counts 1 and 2 is GRANTED.

There having been little or no investment of resources in this case, I would decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c). But in any event they would not survive a motion to dismiss.

Count 3 of the Complaint alleges that the Bank breached the implied covenant of good faith and fair dealing when it did not timely respond to Hernandez's request for a loan modification. Of course, New Jersey recognizes that every contract contains such an implied covenant. *E.g., Woods Corporate Associates v. Signet Star Holdings, Inc.*, 910 F. Supp. 1019, 1034 (D.N.J. 1995). A party cannot act in bad faith to destroy or injure the other party's right to receive the fruits of the contract. *Palisades Properties, Inc. v. Brunetti,* 44 N.J. 117, 130 (1965). *See also Sons of Thunder, Inc. v. Borden, Inc.,* 148 N.J. 396 (1997) (classic statement of the doctrine).

A lender does not, however, defeat the other party's contractual rights by declining to renegotiate the contract. In doing so, it is merely exercising its own rights under the contract. *See Woods,* 910 F. Supp. at 1034. A creditor's duty to act in good faith does not encompass "compromising its contractual rights in order to aid its debtor." *Glenfed Fin. Corp. v. Penick Corp.,* 276 N.J. Super. 163, 175–79 (App. Div. 1994).

The motion to dismiss Count 3 is therefore granted.

Count 4 alleges negligent infliction of emotional distress. That tort is confined to certain categories of extreme conduct, including the plaintiff's observation of negligence resulting in death or serious physical injury with whom the plaintiff has a close relationship. *See Jablonowska v. Suther,* 195 N.J. 91, 103–04 (2008). The allegations here—refusal to negotiate a loan, and the likelihood of foreclosure—come nowhere near the kind that would support this cause of action.

The motion to dismiss Count 4 is therefore granted.

Because plaintiff failed to respond to the motion, and because the federal claims fail as a matter of law, this dismissal will be with prejudice.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the complaint in its entirety is GRANTED.

Dated: February 25, 2016

_____
**KEVIN MCNULTY**
**United States District Judge**